| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 26 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

2. Offenders may be isolated from others only as a last resort when less restrictive measures are inadequate to keep them and other offenders safe, and then only until an alternative means of keeping all offenders safe can be arranged. During any period of isolation, the Department shall not deny offenders daily large-muscle exercise and any legally required educational programming or special education services. Offenders in isolation shall receive daily visits from a Health Services or Mental Health clinician. Offenders shall also have access to other programs and work opportunities to the extent possible.

3. Lesbian, gay, bisexual, transgender, or intersex offenders shall not be placed in particular housing, bed, or other assignments solely on the basis of such identification or status, nor shall the Department consider lesbian, gay, bisexual, transgender, or intersex identification or status as an indicator of likelihood of being sexually abusive.

4. In deciding whether to assign a transgender or intersex offender to a facility for male or female offenders, and in making other housing and programming assignments, the Department shall consider on a case-by-case basis whether a placement would ensure the offender's health and safety, and whether the placement would present management or security problems in accordance with Policy 03-02-112.

5. Placement and programming assignments for each transgender or intersex offender shall be reassessed twice each year to review any threats to safety experienced by the offender.

6. A transgender or intersex offender's own views with respect to their own safety shall be given serious consideration.

7. Transgender and intersex offenders shall be given the opportunity to shower separately from other offenders.

8. If an offender is isolated pursuant to paragraph (2) of this section, the facility shall clearly document:

   a. The basis for the facility's concern for the offender's safety; and,
   b. The reason why no alternative means of separation can be arranged.

9. Every thirty (30) days, the facility shall afford each offender described in paragraph (4) of this section a review to determine whether there is a continuing need for separation from the general population.

E. **Protective Custody. (Applies to Adult Facilities Only 115.43)**

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number 02-01-115 | Effective Date 4/1/2020 | Page 27 | Total Pages 47 |
| Title **SEXUAL ABUSE PREVENTION** | | | |

1. Offenders at high risk for sexual victimization shall not be placed in involuntary protective custody unless an assessment of all available alternatives has been made, and a determination has been made that there is no available alternative means of separation from likely abusers. If a facility cannot conduct such an assessment immediately, the facility may hold the offender in involuntary protective custody for less than twenty-four (24) hours while completing the assessment.

   This assessment shall be documented on the PREA Housing Assignment Review form.

2. Offenders placed in protective custody for this purpose shall have access to programs, privileges, education, and work opportunities to the extent possible. If the facility restricts access to programs, privileges, education, or work opportunities, the facility shall document:

   a. The opportunities that have been limited;
   b. The duration of the limitation; and,
   c. The reasons for such limitations.

3. The facility shall assign such offenders to involuntary protective custody only until an alternative means of separation from likely abusers can be arranged, and such an assignment shall not ordinarily exceed a period of 30 days.

4. If an involuntary protective custody assignment is made pursuant to paragraph 1 of this section, the facility shall clearly document:

   a. The basis for the facility's concern for the offender's safety; and,

   b. The reason why no alternative means of separation can be arranged.

5. Every thirty (30) days, the facility shall afford each such offender a review to determine whether there is a continuing need for separation from the general population.

Protective custody reviews for adult offenders shall be conducted and documented in accordance with Policy and Administrative Procedure 01-04-101, "Adult Offender Classification," and Policy and Administrative Procedure 02-01-107, "Protective Custody."

VIII. REPORTING:

   A. **Offender Reporting (115.51/351)**

STATE004780

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 28 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

1.  The Department shall provide multiple internal ways for offenders to privately report sexual abuse and sexual harassment, retaliation by other offenders or staff for reporting sexual abuse and sexual harassment, and staff neglect or violation of responsibilities that may have contributed to such incidents. Offender shall be able to make reports via an internal hotline on the offender phone system, verbal or written reports to any staff, filing a grievance, or having a third party make the report on their behalf. If the offender is not comfortable with making the report to the immediate point of contact line staff, the offender shall be allowed to make the report to a staff person with whom he/she is comfortable in speaking about the allegations. Staff shall ensure that offenders are aware of the manner in which reports can be made.

2.  The Department shall also provide at least one way for offenders to report sexual abuse or sexual harassment to a public or private entity or office that is not part of the Department, and that is able to receive and immediately forward offender reports of sexual abuse and sexual harassment to Department officials, allowing the offender to remain anonymous upon request. Offenders shall be permitted to make these reports to an outside organization that has been arranged through a Community Partnership Agreement or to another State agency. The Department **does not** have offenders detained solely for civil immigration purposes. All offenders have a sentence for a felony conviction.

3.  Staff shall accept reports made verbally, in writing, anonymously, and from third parties and shall promptly document any verbal reports. All reports of sexual abuse and sexual harassment shall be documented in an Incident Report prior to the end of the shift.

4.  The Department shall provide a method for staff to privately report sexual abuse and sexual harassment of offenders. Staff reporting sexual abuse and sexual harassment shall be afforded the opportunity to privately report such information to the Shift Supervisor, Investigations and Intelligence Investigator, PREA Compliance Manager, or the Executive Director of PREA via the Department Sexual Assault Hotline or PREA email posted on the Department website.

**B.  Exhaustion of Administrative Remedies (115.52/352)**

1.  The Department has administrative procedures to address offender grievances regarding a report of sexual abuse. *(Also see Policies and Administrative Procedures 00-02-301, "Offender Grievance Process," and 03-02-105, "Student Grievance Process")*

STATE004781

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction **Manual of Policies and Procedures** | | | |
| Number 02-01-115 | Effective Date 4/1/2020 | Page 29 | Total Pages 47 |
| Title **SEXUAL ABUSE PREVENTION** | | | |

2. The Department shall not impose a time limit on when an offender may submit a grievance regarding an allegation of sexual abuse.

3. The Department may apply otherwise-applicable time limits to any portion of a grievance that does not allege an incident of sexual abuse.

4. The Department shall not require an offender to use any informal grievance process, or to otherwise attempt to resolve with staff, an alleged incident of sexual abuse.

5. Nothing in this subsection shall restrict the Department's ability to defend against an offender lawsuit on the ground that the applicable statute of limitations has expired.

6. The Department shall ensure that:

   a. An offender who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the complaint, and,

   b. Such grievance is not referred to a staff member who is the subject of the complaint.

7. The Department shall issue a final decision on the merits of any portion of a grievance alleging sexual abuse within ninety (90) days of the initial filing of the grievance.

   a. Computation of the 90-day time period shall not include time consumed by offenders in preparing any administrative appeal.

   b. The Department may claim an extension of time to respond, of up to seventy (70) days, if the normal time period for response is insufficient to make an appropriate decision. The Department shall notify the offender in writing of any such extension and provide a date by which a decision will be made.

8. At any level of the administrative process, including the final level, if the offender does not receive a response within the time allotted for reply, including any properly noticed extension, the offender may consider the absence of a response to be a denial at that level.

9. Third parties, including fellow offenders, staff members, family members, attorneys, and outside advocates, shall be permitted to assist offenders in

STATE004782

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 30 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

filing requests for administrative remedies relating to allegations of sexual abuse, and shall also be permitted to file such requests on behalf of offenders.

a. If a third party, other than a parent or legal guardian, files such a request on behalf of an offender, the facility may require as a condition of processing the request that the alleged victim agree to have the request filed on his or her behalf, and may also require the alleged victim to personally pursue any subsequent steps in the administrative remedy process.

b. If the offender declines to have the request processed on their behalf, the Department shall document the offender's decision.

c. A parent or legal guardian of a juvenile shall be allowed to file a grievance regarding allegations of sexual abuse, including appeals, on behalf of such juvenile. Such a grievance shall not be conditioned upon the juvenile agreeing to have the request filed on their behalf.

10. The Department shall establish procedures for the filing of an emergency grievance alleging that an offender is subject to a substantial risk of imminent sexual abuse.

After receiving an emergency grievance alleging an offender is subject to a substantial risk of imminent sexual abuse, the Department shall immediately forward the grievance (or any portion thereof that alleges the substantial risk of imminent sexual abuse) to a level of review at which immediate corrective action may be taken, shall provide an initial response within forty-eight (48) hours, and shall issue a final Department decision within five (5) calendar days. The initial response and final Department decision shall document the Department's determination whether the offender is in substantial risk of imminent sexual abuse and the action taken in response to the emergency grievance.

11. The Department may discipline an offender for filing a grievance related to alleged sexual abuse only where the Department demonstrates that the offender filed the grievance in bad faith.

C. **Offender Access to Outside Confidential Support Services (115.53/353)**

1. The facility shall provide offenders with access to outside victim advocates for emotional support services related to sexual abuse by giving offenders mailing addresses and telephone numbers, including toll-free hotline numbers where available, of local, State, or national victim advocacy or

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 31 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

rape crisis organizations. The facility shall enable reasonable communication between offenders and these organizations and agencies, in as confidential a manner as possible.

2.   The facility shall inform offenders, prior to giving them access, of the extent to which such communications will be monitored and the extent to which reports of abuse will be forwarded to authorities in accordance with mandatory reporting laws.

3.   The Department shall maintain or attempt to enter into memoranda of understanding or other agreements with community service providers that are able to provide offenders with confidential emotional support services related to sexual abuse. The Department shall maintain copies of agreements or documentation showing attempts to enter into such agreements.

**D.   Third-party reporting (115.54/354)**

The Department shall establish a method to receive third-party reports of sexual abuse and sexual harassment and shall distribute publicly information on how to report sexual abuse and sexual harassment on behalf of an offender.

Third party reports by family, friends, and other members of the public can be made electronically by submitting an email to IDOCPREA@idoc.in.gov or telephoning (toll free) the Department Sexual Assault Hotline at (877) 385-5877. This contact information shall be posted in visiting rooms, published in offender and visitor brochures, and on the Department's website.

IX.   OFFICIAL RESPONSE FOLLOWING AN OFFENDER REPORT (See Facility Directive):

**A.   Staff and Indiana Department of Correction reporting duties (115.61/361)**

1.   The Department shall require all staff to report immediately and according to Department policy any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred in a facility, whether or not it is part of the Department; retaliation against offenders or staff who reported such an incident; and any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation.

2.   The agency shall also require all staff to comply with any applicable mandatory child abuse reporting laws.

3.   Apart from reporting to designated supervisors or officials, staff shall not reveal any information related to a sexual abuse report to anyone other than

STATE004784

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 32 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

to the extent necessary, as specified in Department policy, to make treatment, investigation, and other security and management decisions.

4.    Unless otherwise precluded by Federal, State, or local law, medical and mental health practitioners shall be required to report sexual abuse pursuant to paragraph 1 of this section and to inform offenders of the practitioner's duty to report, and the limitations of confidentiality, at the initiation of services.

    a.    Medical and mental health practitioners shall be required to report sexual abuse to designated supervisors and officials pursuant to paragraph 1 of this section, as well as to the designated State or local services agency where required by mandatory reporting laws.

    b.    Such practitioners shall be required to inform offenders at the initiation of services of their duty to report and the limitations of confidentiality. This shall be documented on the PREA Duty to Report form during the medical intake process.

5.    Upon receiving any allegation of sexual abuse, the Warden or their designee shall promptly report the allegation to facility investigators.

For youths, the alleged victim's parents or legal guardians shall be notified, unless the facility has official documentation establishing that the parents or legal guardians should not be notified:

    a.    If the alleged victim is under the guardianship of the child welfare system, the report shall be made to the alleged victim's caseworker instead of the parents or legal guardians.

    b.    If a juvenile court retains jurisdiction over the alleged victim, the Warden or designee shall also report the allegation to the juvenile's attorney or other legal representative of record within fourteen (14) days of receiving the allegation.

6.    If the alleged victim is under the age of eighteen (18) the incident shall be reported to the Child Protective Services as required in Policy and Administrative Procedure 03-02-103, "The Reporting, Investigation and Disposition of Child Abuse and Neglect." If the alleged victim is considered a vulnerable adult under the State vulnerable person's statute, the Department shall report the allegation by contacting the Adult Protective Services at Indiana Family and Social Service Administration (FSSA) in accordance with mandatory reporting laws.

STATE004785

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 33 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

7.   The facility shall report all allegations of sexual abuse and sexual harassment, including third-party and anonymous reports, to the facility's designated investigators.  Sexual abuse allegations shall be referred to Investigations and Intelligence investigators.  Sexual harassment allegations shall be referred to staff designated to conduct administrative investigations.

**B.      Indiana Department of Correction Protection Duties (115.62/362)**

When staff learns that an offender is subject to a substantial risk of imminent sexual abuse, staff shall take immediate action to protect the offender.  This may include placing the offender in Protective Custody, Administrative Restrictive Status housing, Isolation, or any other appropriate action.

**C.      Reporting to other confinement facilities (115.63/363)**

1.   Upon receiving an allegation that an offender was sexually abused while confined at another facility, the Warden that received the allegation shall notify the head of the facility or appropriate office of the agency where the alleged abuse occurred.

2.   Such notification shall be provided as soon as possible, but no later than seventy-two (72) hours after receiving the allegation.

3.   The Department shall document that it has provided such notification.

4.   The Warden that receives such notification shall ensure that the allegation is investigated in accordance with the PREA standards and this policy and administrative procedure.

**D.      Staff First Responder Duties (115.64/364)**

1.   Upon learning of an allegation that an offender was sexually abused, the first security staff member to respond to the report shall be required to:

a.   Separate the alleged victim and abuser;

b.   Preserve and protect any crime scene until appropriate steps can be taken to collect any evidence;

c.   If the abuse occurred within a one hundred twenty (120) hour time frame, request that the alleged victim not take any actions that could destroy physical evidence, including, as

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 34 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

appropriate, washing, brushing teeth, changing clothes, urinating, defecating, smoking, drinking, or eating; and,

    d.    If the abuse occurred within a one hundred-twenty (120) hour time frame, ensure that the alleged abuser does not take any actions that could destroy physical evidence, including, as appropriate, washing, brushing teeth, changing clothes, urinating, defecating, smoking, drinking, or eating.

    2.    First Responders are to ensure that the victim is removed from the area and receives prompt medical intervention. They must ensure that the location of assault and any evidence collected, in coordination with Investigations and Intelligence Investigators, is preserved and that the evidence chain of custody is handled properly if the scene cannot remain secured due to facility safety concerns. They will also arrange for the removal of any suspected perpetrator.

    3.    If the first staff responder is not a security staff member, the responder shall be required to request that the alleged victim not take any actions that could destroy physical evidence, and then notify security staff.

**E.    Coordinated Response (115.65/365)**

The Warden at each facility shall establish a Sexual Assault Response Team (SART) and develop a written institutional plan to coordinate actions taken in response to an incident of sexual abuse, among staff first responders, medical and mental health practitioners, investigators, and facility executive staff. The plan shall be written in a Facility Directive.

A SART provides a coordinated, efficient, and supportive response to victims of sexual assault. The members of the SART shall provide a full range of comprehensive services to sexual assault victims who have made the decision to report a sexual assault. Persons assigned to the facility's SART First Responders shall receive specialized training in providing comprehensive services to victims of sexual assault.

The Warden shall ensure that there is an alternate for every first responder of the SART who is also qualified to fulfill the team member's role when they are unavailable. SART First Responders are to be scheduled so that First Responders are available at all times.

Arrangements shall be made to ensure that SART First Responders who must interact with the sexual assault victim are able to communicate directly, through interpretive technology, or through offender interpreters during exigent

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 35 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

circumstances, with offenders who have limited English proficiency, are deaf, or speech impaired. Accommodations shall be made to convey all written information verbally to offenders with limited reading skills or who are sight-impaired.

The goals and objectives of the facility SART are:

- Meet the needs of the victim with crisis intervention and support services.
- Arrange a comprehensive forensic examination for sexual abuse victims, without financial cost, where evidentiary or medically appropriate.
- Provide a joint, effective, and sensitive approach to victims of sexual assault.
- Document and preserve forensic evidence for potential prosecution.
- Conduct investigations of the crime from notification through prosecution.

The members of the SART and their respective duties include, but are not limited to:

1.   Staff Designated as First Responders

First Responders are to ensure that the victim is removed from the area and receives prompt medical intervention. They must ensure that the location of assault and any evidence collected, in coordination with Investigations and Intelligence Investigators, is preserved and that the evidence chain of custody is handled properly if the scene cannot remain secured due to facility safety concerns. They must inform the victim not to take any actions that could destroy physical evidence before an investigator or other member of the SART arrives. If the report is made within the one hundred twenty (120) hour time frame, staff shall ensure that the alleged victim and alleged abuser do not take any action(s) that could destroy physical evidence, including, as appropriate; washing, brushing teeth, changing clothes, urinating, defecating, smoking, drinking, or eating. They will also arrange for the removal of any suspected perpetrator.

All SART First Responders shall be provided with specialized training for the initial response to reports of sexual abuse and protection of sexual abuse victims. Once staff have completed the initial SART First Responder training, they are required to complete the refresher course every two years to remain a SART First Responder.

2.   Investigations and Intelligence Investigators

Investigations and Intelligence Investigators are to investigate and report the facts of the case. The Investigators shall consider the immediate safety of the victim. They shall arrange and conduct victim, suspect and witness interviews and perform all other duties normally associated with their

STATE004788

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 36 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

respective duties. They shall also notify the State Police liaison of the assault to request assistance, if needed, and consult with local prosecutors if there is a potential criminal violation. The Investigators may not be on grounds when the initial report is made and shall be utilized on an on-call basis. All investigators shall receive training in conducting sexual abuse investigations in a confinement setting prior to completing investigations of sexual abuse/assaults. This training shall be documented in the employee's training records.

3.    Medical Staff

Medical first responders shall provide care and treatment as outlined in the Sexual Assault Manual. Medical Staff shall respond to provide immediate medical care and evaluate the victim for life threatening injuries. Should a victim refuse or decline medical treatment the victim shall sign State Form 9262, "Refusal and Release of Responsibility for Medical, Surgical, Psychiatric and Other Treatment," which shall be documented in the offender medical file. Medical staff can aid in the preservation of evidence by instructing both the alleged victim and alleged abuser not to take any actions that could destroy physical evidence and assisting with the arrangement of a forensic exam by a SANE at a local hospital at no cost to the offender/student whether they name an abuser or cooperate with the investigation. The Sexual Assault Nurse Examiner (SANE) is to provide the forensic exam component of the SART. Non-Facility SANE personnel will take a medical history, perform the physical assessment of the victim, collect, document and initiate the preservation of physical evidence found on the victim and his/her personal effects. They will provide information on Health Services matters; document the examination and, if called upon, present expert testimony in court. Identification of SANE professionals in the local community shall be arranged by the PREA Compliance Manager and the medical contractor. Only qualified SANE professionals shall be utilized to conduct the forensic sexual assault examination.

4.    PREA Compliance Manager

The PREA Compliance Manager shall be informed of the sexual abuse report by the Shift Supervisor. The PREA Compliance Manager shall assist the Shift Supervisor in coordinating the response and notifying the Superintendent. The PREA Compliance Manager shall ensure all PREA requirements are followed in response to a report of sexual abuse. The PREA Compliance Manager shall ensure the victim is offered access to a victim advocate or SART First Responder to accompany him/her to the forensic exam or during investigative interviews. The PREA Compliance Manager shall also manage the facility SART, ensuring training is completed as needed and an

STATE004789

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 37 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

appropriate number of first responders are assigned to each shift. SART members shall be included in the monthly PREA Committee meetings whenever possible.

F.     **Preservation of Ability to Protect Offenders from Contact with Abusers (115.66/366)**

The State of Indiana does not have collective bargaining units for its State employees or the Department. It is the Warden's discretion to determine if staff must be re-assigned to another post and prohibited from contact with an alleged victim. Staff may also be placed on an emergency suspension when supported by evidence of a serious violation of policy or State law.

G.     **Protection Against Retaliation (115.67/367)**

1.     The Department shall establish a policy to protect all offenders and staff who report sexual abuse or sexual harassment or cooperate with sexual abuse or sexual harassment investigations from retaliation by other offenders or staff. The Warden shall designate which staff members or departments are charged with monitoring retaliation.

2.     The facility shall employ multiple protection measures, such as housing changes or transfers for offender victims or abusers, removal of alleged staff or offender abusers from contact with victims, and emotional support services for offenders or staff that fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

3.     For at least ninety (90) days following a report of sexual abuse, the staff designated to monitor for retaliation shall monitor the conduct and treatment of offenders or staff who reported the sexual abuse and of offenders who were reported to have suffered sexual abuse to see if there are changes that may suggest possible retaliation by offenders or staff, and shall act promptly to remedy any such retaliation. Items the PREA Committee should monitor include any offender disciplinary reports, housing, or program changes, or negative performance reviews or reassignments of staff. The PREA Committee shall continue such monitoring beyond ninety (90) days if the initial monitoring indicates a continuing need.

4.     In the case of offenders, such monitoring shall also include periodic status checks. Meetings shall occur with offenders once every 30 days. Staff monitoring shall consist of one meeting to inform the staff to report retaliation during the 90 days to the designated monitoring staff.

5.     If any other individual who cooperates with an investigation expresses a

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 38 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

fear of retaliation, the Department shall take appropriate measures to protect that individual against retaliation. This may require the initiation of an investigation of the retaliation.

6.    A facility's obligation to monitor shall terminate if the investigation determines that the allegation is unfounded.

**H.    Post-Allegation Protective Custody (115.68/368)**

Any use of restrictive status housing to protect an offender who is alleged to have suffered sexual abuse shall be subject to the requirements of 115.43 for Adult facilities and 115.342 for Juvenile Facilities.

X.    INVESTIGATIONS:

**A.    Criminal and Administrative Indiana Department of Correction Investigations (115.71/371)**

1.    The Department shall conduct its own investigations into allegations of sexual abuse and sexual harassment. Investigations shall be prompt, thorough, and objective for all allegations, including third-party and anonymous reports. *(Also see Policy and Administrative Procedure 00-01-103, "Investigations and Intelligence," Section IX)*

2.    Where sexual abuse is alleged, the Department shall use investigators who have received special training in sexual abuse investigations pursuant to 115.34/343.

3.    Investigators shall gather and preserve direct and circumstantial evidence, including any available physical and DNA evidence and any available electronic monitoring data; shall interview alleged victims, suspected perpetrators, and witnesses; and shall review prior complaints and reports of sexual abuse involving the suspected perpetrator. Staff shall ensure that any crime scene or evidence collected is maintained in accordance with Policy an Administrative Procedure 00-01-103, "The Operation of the Office of the Investigations and Intelligence." The Warden is responsible for ensuring that First Responders and Investigators under their control follow a uniform evidence protocol that maximizes the potential for obtaining usable physical evidence for Department disciplinary and criminal proceedings.

4.    When the quality of evidence appears to support criminal prosecution, the Department Investigators shall conduct compelled interviews only after consulting with prosecutors as to whether compelled interviews may be an obstacle for subsequent criminal prosecution.

STATE004791

| POLICY AND ADMINISTRATIVE PROCEDURE<br>Indiana Department of Correction<br>**Manual of Policies and Procedures** | | | |
|---|---|---|---|
| Number<br>02-01-115 | Effective Date<br>4/1/2020 | Page<br>39 | Total Pages<br>47 |
| Title<br>**SEXUAL ABUSE PREVENTION** | | | |

5. The credibility of an alleged victim, suspect, or witness shall be assessed on an individual basis and shall not be determined by the person's status as offender or staff. The Department shall not require an offender who alleges sexual abuse to submit to a polygraph examination or other truth-telling device as a condition for proceeding with the investigation of such an allegation.

6. Administrative investigations:

   a. Shall include an effort to determine whether staff actions or failures to act contributed to the abuse; and,

   b. Shall be documented in written reports that include a description of the physical and testimonial evidence, the reasoning behind credibility assessments, and investigative facts and findings.

7. Criminal investigations shall be documented in a written report that contains a thorough description of physical, testimonial, and documentary evidence and attaches copies of all documentary evidence where feasible.

8. Substantiated allegations of conduct that appears to be a violation of Indiana criminal code shall be referred for prosecution.

9. The Department shall retain all written reports referenced in paragraphs 6 and 7 of this section for as long as the alleged abuser is incarcerated or employed by the Department, plus five (5) years, unless the abuse was committed by a juvenile offender and applicable law requires a shorter period of retention.

10. The departure of the alleged abuser or victim from the employment or control of the facility or Department shall not provide a basis for terminating an investigation.

**B. Evidentiary Standard for Administrative Investigations (115.72/372)**

The Department shall impose no standard higher than a preponderance of the evidence in determining whether allegations of sexual abuse or sexual harassment are substantiated.

**C. Reporting to Offenders (115.73/373)**

1. Following an investigation into an offender's allegation that he or she suffered sexual abuse in a Department facility, the facility PREA

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 40 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

Compliance Manager shall inform the offender as to whether the allegation has been determined to be substantiated, unsubstantiated, or unfounded.

2. If the facility or agency did not conduct the investigation, the PREA Compliance Manager shall request the relevant information from the facility or agency that did in order to inform the offender.

3. Following an offender's allegation that a staff member has committed sexual abuse against the offender, the Department shall subsequently inform the offender (unless the Department has determined that the allegation is unfounded) whenever:

   a. The staff member is no longer posted within the offender's unit;

   b. The staff member is no longer employed at the facility;

   c. The Department learns that the staff member has been indicted on a charge related to sexual abuse within the facility; or,

   d. The Department learns that the staff member has been convicted on a charge related to sexual abuse within the facility.

4. Following an offender's allegation that he or she has been sexually abused by another offender, the Department shall subsequently inform the alleged victim whenever:

   a. The Department learns that the alleged abuser has been indicted on a charge related to sexual abuse within the facility; or,

   b. The Department learns that the alleged abuser has been convicted on a charge related to sexual abuse within the facility.

5. All such notifications or attempted notifications shall be documented on the PREA Investigation Outcome Notification form. A copy of the form shall be provided to the offender and placed in the offender record.

6. A facility's obligation to report under this standard shall terminate if the offender is released from the Department's custody.

XI. DISCIPLINE:

A. **Disciplinary sanctions for staff (115.76/376)**

1. Staff shall be subject to disciplinary sanctions up to and including termination for violating Department sexual abuse or sexual harassment

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 41 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

policies. *(Also see Policy 04-03-103, "Information and Standards of Conduct for Department Staff")*

2. Termination shall be the presumptive disciplinary sanction for staff who have engaged in sexual abuse (Staff Sexual Misconduct).

3. Disciplinary sanctions for violations of Department policies relating to sexual abuse or sexual harassment (other than actually engaging in sexual abuse) shall be commensurate with the nature and circumstances of the acts committed, the staff member's disciplinary history, and the sanctions imposed for comparable offenses by other staff with similar histories.

4. All terminations for violations of Department sexual abuse or sexual harassment policies, or resignations by staff who would have been terminated if not for their resignation, shall be reported to law enforcement agencies, unless the activity was clearly not criminal, and to any relevant licensing bodies. These referrals shall be documented.

**B.    Corrective Action for Contractors and Volunteers (115.77/377)**

1. Any contractor or volunteer who engages in sexual abuse shall be prohibited from contact with offenders, removed from the facility and shall be reported to law enforcement agencies, unless the activity was clearly not criminal. A substantiated finding for sexual abuse shall be reported to relevant licensing bodies where applicable and documented.

2. The facility shall take appropriate remedial measures, and shall consider whether to prohibit further contact with offenders, in the case of any other violation of Department sexual abuse or sexual harassment policies by a contractor or volunteer.

**C.    Disciplinary Sanctions for Offenders (115.78/378)**

1. Offenders shall be subject to disciplinary sanctions pursuant to a formal disciplinary process following an administrative finding that the offender engaged in offender-on-offender sexual abuse or following a criminal finding of guilt for offender-on-offender sexual abuse. *(Also see Policy and Administrative Procedures 02-04-101, "The Disciplinary Code for Adult Offenders," and 03-02-101, "Juvenile Code of Conduct")*

2. Sanctions shall be commensurate with the nature and circumstances of the abuse committed, the offender's disciplinary history, and the sanctions imposed for comparable offenses by other offenders with similar histories. In the event a disciplinary sanction results in the isolation of a juvenile

STATE004794

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 42 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

offender, the facility shall not deny the offender daily large-muscle exercise or access to any legally required educational programming or special education services. Juvenile offenders in isolation shall receive daily visits from a medical or mental health care clinician. Juvenile offenders shall also have access to other programs and work opportunities to the extent possible.

3. The disciplinary process shall consider whether an offender's mental disabilities or mental illness contributed to his or her behavior when determining what type of sanction, if any, should be imposed.

4. If the facility offers therapy, counseling, or other interventions designed to address and correct underlying reasons or motivations for the abuse, the facility shall consider whether to require the offending offender to participate in such interventions as a condition of access to programming or other benefits. A juvenile facility may require participation in such interventions as a condition of access to any rewards-based behavior management system or other behavior-based incentives, but not as a condition to access to general programming or education.

5. The Department may discipline an offender for sexual contact with staff only upon a finding that the staff member did not consent to such contact.

6. For the purpose of disciplinary action, a report of sexual abuse made in good faith based upon a reasonable belief that the alleged conduct occurred shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation.

7. The Department shall prohibit all sexual activity between offenders and shall discipline offenders for such activity in accordance with the appropriate disciplinary code or code of conduct. The Department shall not deem such activity to constitute sexual abuse if it determines that the activity is consensual and not coerced. Staff shall make every effort to determine if coercion was involved. Offenders shall be advised in PREA education that cases of sexual abuse shall be referred for criminal prosecution and to Child Protective Services as appropriate.

XII. MEDICAL AND MENTAL HEALTH CARE:

A. **Medical and Mental Health Screenings / History of Sexual Abuse (115.81/381)**

1. If the screening pursuant to 115.41/341 indicates that an offender has experienced prior sexual victimization, whether it occurred in an institutional setting or in the community, staff shall ensure that the

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 43 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

offender is offered a follow-up meeting with a medical or mental health practitioner within fourteen (14) days of the intake screening.

2. If the screening pursuant to 115.41/341 indicates that a prison offender or offender has previously perpetrated sexual abuse, whether it occurred in an institutional setting or in the community, staff shall ensure that the offender/offender is offered a follow-up meeting with a mental health practitioner within fourteen (14) days of the intake screening.

3. Any information related to sexual victimization or abusiveness that occurred in an institutional setting shall be strictly limited to medical and mental health practitioners and other staff, as necessary, to inform treatment plans and security and management decisions, including housing, bed, work, education, and program assignments, or as otherwise required by Federal, State, or local law.

4. Medical and mental health practitioners shall obtain informed consent from offenders before reporting information about prior sexual victimization that did not occur in an institutional setting, unless the offender is under the age of 18.

B. **Access to Emergency Medical and Mental Health Services (115.82/382)**

1. Offender victims of sexual abuse shall receive timely, unimpeded access to emergency medical treatment and crisis intervention services, the nature and scope of which are determined by medical and mental health practitioners according to their professional judgment. *(Also see the Sexual Assault Manual)*

2. If no qualified medical or mental health practitioners are on duty at the time a report of recent abuse is made, security staff first responders shall take preliminary steps to protect the victim pursuant to 115.62/362 and shall immediately notify the appropriate medical and mental health practitioners.

3. Offender victims of sexual abuse while incarcerated shall be offered timely information about and timely access to emergency contraception and sexually transmitted infections prophylaxis, in accordance with professionally accepted standards of care, where medically appropriate.

4. Treatment services shall be provided to the victim without financial cost and regardless of whether the victim names the abuser or cooperates with any investigation arising out of the incident.

C. **Ongoing Medical and Mental Health Care for Sexual Abuse Victims and Abusers**

STATE004796

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 44 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

**(115.83/383)**

1. The facility shall offer a medical and mental health evaluation and, as appropriate, treatment to all offenders who have been victimized by sexual abuse in any prison, jail, lockup, or juvenile facility.

2. The evaluation and treatment of such victims shall include, as appropriate, follow-up services, treatment plans, and, when necessary, referrals for continued care following their transfer to, or placement in, other facilities, or their release from custody.

3. The facility shall provide such victims with medical and mental health services consistent with the community level of care.

4. Offender victims of sexually abusive vaginal penetration while incarcerated shall be offered pregnancy tests.

5. If pregnancy results from the conduct described in (4) such victims shall receive timely and comprehensive information about and timely access to all lawful pregnancy-related medical services.

6. Offender victims of sexual abuse while incarcerated shall be offered tests for sexually transmitted infections as medically appropriate.

7. Treatment services shall be provided to the victim without financial cost and regardless of whether the victim names the abuser or cooperates with any investigation arising out of the incident.

8. All facilities shall attempt to conduct a Mental Health evaluation of all known offender-on-offender abusers within sixty (60) days of learning of such abuse history and offer treatment when deemed appropriate by Mental Health practitioners.

XIII. DATA COLLECTION AND REVIEW:

**A.    Sexual Abuse Incident Reviews (115.86/386)**

1. The facility PREA Committee shall conduct a sexual abuse incident review at the conclusion of every sexual abuse investigation, including where the allegation has not been substantiated, unless the allegation has been determined to be unfounded.

2. Such review shall ordinarily occur within thirty (30) days of the conclusion of the investigation.

STATE004797

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 45 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

3. The review team shall include upper-level management officials, with input from line supervisors, investigators, and medical or Mental Health practitioners.

4. The review team shall:

   a. Consider whether the allegation or investigation indicates a need to change policy or practice to better prevent, detect, or respond to sexual abuse;

   b. Consider whether the incident or allegation was motivated by race; ethnicity; gender identity; lesbian, gay, bisexual, transgender, or intersex identification, status, or perceived status; or gang affiliation; or was motivated or otherwise caused by other group dynamics at the facility;

   c. Examine the area in the facility where the incident allegedly occurred to assess whether physical barriers in the area may enable abuse;

   d. Assess the adequacy of staffing levels in that area during different shifts;

   e. Assess whether monitoring technology should be deployed or augmented to supplement supervision by staff;

   f. Prepare a report of its findings on the *Sexual Abuse Incident Review,* including but not necessarily limited to determinations made pursuant to paragraphs (4)(a)-(4)(e) of this section, and any recommendations for improvement and submit such report to the Warden and the Executive Director of PREA; and,

   g. The facility shall implement the recommendations for improvement, or shall document its reasons for not doing so on the *Sexual Abuse Incident Review.*

**B.    Data Collection (115.87/387)**

1. The Department shall collect accurate, uniform data for every allegation of sexual abuse at facilities under its direct control using a standardized instrument and set of definitions. All reports of Nonconsensual Sexual Acts, Abusive Sexual Contact, Staff Sexual Misconduct and Sexual Harassment as defined in this policy and administrative procedure shall be reported on a *Sexual Incident Report.* The facility PREA Compliance Manager shall

STATE004798

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 46 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

submit a *Sexual Incident Report* for each allegation that is a PREA related incident via the Sexual Incident Reporting System. All incident reports, investigation reports, or written statements shall be attached to the *Sexual Incident Report*. The *Sexual Incident Report* shall be filed in the confidential section of the offender facility packet. It shall not be released to offenders or the public, unless court-ordered.

2. The Department shall aggregate the incident-based sexual abuse data at least annually.

3. The incident-based data collected shall include, at a minimum, the data necessary to answer all questions from the most recent version of the Survey of Sexual Victimization conducted by the Department of Justice.

4. The Department shall maintain, review, and collect data as needed from all available incident-based documents, including reports, investigation files, and sexual abuse incident reviews.

5. The Department also shall obtain incident-based and aggregated data from every private facility with which it contracts for the confinement of its offenders.

6. Upon request, the Department shall provide all such data from the previous calendar year to the Department of Justice upon request by the set due date.

**C. Data Review for Corrective Action (115.88/388)**

1. The Department shall review data collected and aggregated pursuant to 115.87/387 in order to assess and improve the effectiveness of its sexual abuse prevention, detection, and response policies, practices, and training, including:

   a. Identifying problem areas;

   b. Taking corrective action on an ongoing basis; and,

   c. Preparing an annual report of its findings and corrective actions for each facility, as well as the Department as a whole. Each facility shall submit their annual Sexual Abuse Prevention report to the appropriate Regional Director and the Executive Director of PREA by January 31.

2. Such report shall include a comparison of the current year's data and corrective actions with those from prior years and shall provide an

| POLICY AND ADMINISTRATIVE PROCEDURE | | | |
|---|---|---|---|
| Indiana Department of Correction | | | |
| **Manual of Policies and Procedures** | | | |
| Number | Effective Date | Page | Total Pages |
| 02-01-115 | 4/1/2020 | 47 | 47 |
| Title | | | |
| **SEXUAL ABUSE PREVENTION** | | | |

assessment of the facility and agency progress in addressing sexual abuse.

3.   The agency report shall be approved by the Commissioner and made readily available to the public through the Department website.

4.   The Executive Director of PREA may redact specific material from the reports when publication would present a clear and specific threat to the safety and security of a facility, but must indicate the nature of the material redacted.

**D.   Data storage, publication, and destruction (115.89/389)**

1.   The Department shall ensure that data collected pursuant to 115.87/387 are securely retained.

2.   The Department shall make all aggregated sexual abuse data, from facilities under its direct control and private facilities with which it contracts, readily available to the public at least annually through the Department website.

3.   Before making aggregated sexual abuse data publicly available, the Department shall remove all personal identifiers.

4.   The Department shall maintain sexual abuse data collected pursuant to 115.87/387 for at least ten (10) years after the date of the initial collection.

XIV.   APPLICABILITY:

This policy and administrative procedure is applicable to all Department facilities, staff, volunteers, contractual staff, and agencies and organizations housing offenders on behalf of the Department, except where noted within.

_____signature on file_____          _____
Robert E. Carter, Jr.                                        Date
Commissioner