UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JONATHAN RICHARDSON a.k.a. AUTUMN CORDELLIONÈ, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION, in her official capacity, <br><br> Defendant. | Case No. 3:23-cv-135-RLY-CSW |

### DECLARATION OF LINDA THOMAS

I, Linda Thomas, being an adult of sound mind and competent to testify to the matters stated in this Declaration, and first being duly sworn under oath to tell the truth, state the following:

1. I have personal knowledge of the matters stated in this Declaration.

2. I was married to Jonathan Richardson a.k.a. Autumn Cordellionè from June 11, 2001 until my petition for dissolution of the marriage was granted on December 26, 2001, under *In Re the Marriage of Linda Marie Richardson and Jonathan Curtis Richardson,* Cause No. 82D04-0110-DR-01129.

3. I am the biological Mother of F.L., whom Plaintiff murdered when she was just 11 months old.

4. On the day he murdered my child, I personally observed Plaintiff with a fresh bleeding tattoo of my child's name on his arm while I was at the hospital that evening.

5. I am aware that my ex-husband Jonathan Richardson is the Plaintiff in this matter, that he know identifies as Autumn Cordellionè, and that he is seeking gender confirmation surgery.

1

6. I have reviewed the complaint (Dkt. 1) filed by Plaintiff in this case and I am aware of the allegations contained therein

7. I am further aware that Plaintiff has made statements to medical staff at his prison facility, stating that I caught Plaintiff wearing women's clothing during our marriage but I called him a derogatory term.

8. I am also aware of Plaintiff's statement to medical staff at his prison facility stating that Plaintiff disclosed her gender identity to me.

9. At no time during our marriage through to the time this lawsuit was filed, did Plaintiff give any indication to me that he identified as a women.

10. At no time did I catch Plaintiff wearing women's clothing; thus I also did not call him a derogatory term related to events that never occurred.

11. At no time did Plaintiff ever disclose his gender identity to me or ask me to call him by another name.

12. At no time have I personally observed Plaintiff in women's clothes.

13. At no time have I personally perceived that Plaintiff preferred to be called by a women's name.

14. During our brief relationship and marriage, we did not have any issues with intimacy.

15. I live in fear for myself and my children of the day Plaintiff is released from prison, which largely increases at the thought that Plaintiff's identity may be concealed upon release.

16. Further Declarant sayeth not.

I AFFIRM UNDER THE PENALITIES FOR PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Dated:  _3/7/2024_          _/s/ Linda Thomas_
                            Linda Thomas