UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| AUTUMN CORDELLIONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER, INDIANA DEPARTMENT ) <br> OF CORRECTION in his official capacity, ) <br> ) <br> Defendant. ) | No. 3:23-cv-00135-RLY-CSW |

**ORDER RENEWING OR EXTENDING PRELIMINARY INJUNCTION**

Plaintiff having filed her Motion to Renew or Extend Preliminary Injunction, and the court having read the motion and being duly advised finds that good cause exists to renew or extend the previously entered preliminary injunction and the renewed preliminary injunction in this case. Dkts. 97, 121. The court therefore incorporates its Preliminary Injunction of September 17, 2024, and Order Renewing Preliminary Injunction of December 6, 2024, as these Orders relate to her Eighth Amendment claim. The court's basis for its ruling is explained in its Order Granting Motion for Preliminary Injunction of September 17, 2024. Dkt. 96.

The Court finds that plaintiff Autumn Cordellioné has demonstrated a reasonable likelihood of success on the merits of her Eighth Amendment claim that Indiana Code § 11-10-3-3.5—which bans gender-affirming surgery for transgender inmates—is unconstitutional, both on its face and as applied to her. Specifically, Ms. Cordellioné has shown that her gender dysphoria is a serious medical need, and that, despite other treatments Defendant has provided her to treat her gender dysphoria, she requires gender-affirming surgery to prevent a risk of serious bodily and psychological harm. Thus, she has demonstrated a reasonable likelihood of success in

demonstrating that denying her gender-affirming surgery violates the Eighth Amendment as it denies her necessary medical care to address a serious medical need.

The court also finds that Plaintiff has demonstrated that she is suffering irreparable harm and will continue to suffer such harm unless she is provided gender-affirming surgery. When balancing this harm against the harm Defendant would face if preliminary relief were granted, and when the impact of preliminary relief on the public is considered, the court finds that the balance of harms favors the issuance of a preliminary injunction.

IT IS THEREFORE ORDERED that the Commissioner of the Indiana Department of Correction, in his official capacity, is hereby preliminarily enjoined to take all reasonable actions to secure plaintiff gender-affirming surgery at the earliest opportunity.

Defendant shall file his status report within 30 days as to all actions taken and the timetable for surgery. No bond shall be required.

**IT IS SO ORDERED.**

Date: 3/05/2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel